UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT,

    Plaintiff,

v.                                           Case No.:   2:21-cv-680-SPC-MRM

PERCY MILLER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On October 20, 2021, the Undersigned entered an Order to Show Cause requiring Plaintiff Andrew Bryant to show cause as to why he failed to resubmit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), and to file a First Amended Complaint, as previously ordered.  (Doc. 7).  Plaintiff failed to respond to the Order to Show Cause, to resubmit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), or to file a First Amended Complaint.  Based upon that failure and the other reasons below, the Undersigned respectfully recommends that this case be dismissed.

### RELEVANT PROCEDURAL BACKGROUND

Plaintiff Andrew Bryant filed a Complaint on September 13, 2021.  (*See* Doc. 1).  Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), which the Undersigned construed as a motion for leave

to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 6.03. (*See* Doc. 2). On September 22, 2021, the Court ordered Plaintiff to resubmit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). (Doc. 6 at 7-8). The Court also ordered Plaintiff to file a First Amended Complaint that complied with the pleading requirements detailed in the Order. (*Id.*). The Court directed Plaintiff to, among other things, file the AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) and the First Amended Complaint no later than October 14, 2021, and warned Plaintiff that failure to comply would result in the Undersigned recommending to the presiding United States District Judge that this action be dismissed. (*Id.* at 8-9). Alternatively, the Court gave Plaintiff the option to pay the filing fee no later than October 14, 2021, and proceed to effectuate service of process on the Defendant by a specified deadline. (*Id.* at 8). Plaintiff failed to comply timely with the Court's September 22, 2021 Order.

On October 20, 2021, the Undersigned entered a second Order requiring Plaintiff to show cause why he failed to comply with the Undersigned's September 22, 2021 Order (Doc. 6) and why this action should not be dismissed for want of prosecution. (Doc. 7). The Undersigned gave Plaintiff another opportunity to comply with the requirements of the September 22, 2021 Order. (*Id.* at 2-3). The Undersigned warned Plaintiff that if he failed to comply, the Undersigned would recommend to the presiding United States District Judge that this action be dismissed. (*Id.* at 3). Plaintiff did not respond.

## ANALYSIS

As explained in the Undersigned's September 22, 2021 Order, 28 U.S.C. § 1915(e)(2) requires the Court to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief. (*See* Doc. 6 at 1-2). A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As explained in the Undersigned's September 22, 2021 Order, the Undersigned finds and recommends that the Complaint (Doc. 1) is defective for at least four (4) reasons. (*See* Doc. 6 at 4-7).

First, Plaintiff did not include a short and plain statement of the claim showing an entitlement to relief, as required by Fed. R. Civ. P. 8(a)(2) because Plaintiff failed to specify the statutory or common-law basis of the claim. Plaintiff does not allege the violation of a specific statute or a state common-law cause of action. (*See* Doc. 1 at 4). Rather, Plaintiff merely broadly alleges that Defendant, a citizen of California, misappropriated his image in September of 1997 for promotional purposes. (*See id.*). In failing to specify the grounds upon which Plaintiff seeks relief, Plaintiff failed to satisfy the purpose of a compliant—*i.e.*, sufficiently "put the defendant on notice of what claims are being advanced." *See Travelers Cas. & Sur. Co. of Am. v. Madsen, Sapp, Mena, Rodriguez & Co., P.A.*, No. 07-

3

60917-CIV-MARRA/JOHNSON, 2008 WL 11399642, at *2 (S.D. Fla. Jan. 31, 2008).

Second, Plaintiff brings an action that fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii) because the statute of limitations period has facially lapsed, regardless of the theory(ies) of liability Plaintiff chooses to pursue.  For example, an action brought under Fla. Stat. § 540.08 has a four-year statute of limitations period, which begins to run at the time of the initial publication, not at the time of the discovery of publication.  *See Lorentz v. Sunshine Health Prod., Inc.*, No. 09-61529-CIV, 2010 WL 3733986, at *6 (S.D. Fla. Aug. 27, 2010), *report and recommendation adopted*, No. 09-61529-CIV, 2010 WL 3733985 (S.D. Fla. Sept. 23, 2010) (citing *Miller v. Anheuser Busch, Inc.,* 348 F. App'x 547, 550 (11th Cir. 2009)).  Likewise, an action brought under Florida's common-law tort of invasion of privacy, which includes the commercial misappropriation of one's likeness, is subject to a four-year statute of limitations period.  *See* Fla. Stat. § 95.11(3)(p) (setting a four-year statute of limitations period for any action not otherwise specifically provided for in the statutes of limitations); *cf. Epic Metals Corp. v. CONDEC, Inc.*, 867 F. Supp. 1009, 1015 (M.D. Fla. 1994) (noting that the defendant conceded that Florida's common law tort of invasion of privacy is subject to a four-year statute of limitations).  Similarly, an action brought under Cal. Civ. Code § 3344 has a two-year statute of limitations period.  *Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012).

4

Here, the facts alleged by Plaintiff demonstrate that the cause of action accrued in September of 1997. (Doc. 1 at 4). Because Plaintiff failed to allege any facts that would toll or otherwise overcome the applicable statute(s) of limitations, it appears that Plaintiff brings an action that fails to state a claim on which relief may be granted.

Third, if Plaintiff seeks punitive damages under Florida law, he has not included a short and plain statement of the claims showing an entitlement to such relief, as required by Fed. R. Civ. P. 8(a)(2). Under Florida law, an award of punitive damages is "reserved for particular types of behavior which go beyond mere intentional acts" and instead "requires evidence of intentional, wanton and malicious disregard for the plaintiff's rights." *See Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1312 (M.D. Fla. 2010) (internal quotations and citations omitted). Yet, Plaintiff asserted no facts to support his demand for $2,500,000.00 in punitive damages. Because Plaintiff failed to assert any allegations of intentional, wanton, and malicious disregard for his rights, the Undersigned finds that he has not included a short and plain statement showing an entitlement to punitive damages.

Fourth, the case is captioned as *Andrew Bryant v. Percy Miller (No Limit Records) et al*. (*See* Doc. 1 at 1). In naming the Defendants in Section I.B. of the Complaint, Plaintiff names only Percy Miller. (*Id.* at 2). However, in identifying the citizenship of the named Defendants in Section II.B. of the Complaint, Plaintiff names Percy Miller both individually and as a corporation. (*See id.* at 3-4). It is not clear from these muddled representations whether Plaintiff intended to name a corporate

5

Defendant and, if so, the citizenship of that Defendant for purposes of diversity jurisdiction.

Plaintiff's failure to timely amend the Complaint to cure these defects, as ordered, warrants dismissal of the action. *See* 28 U.S.C. § 1915(e)(2).

In addition, Plaintiff failed to comply with the Undersigned's September 22, 2021 Order to file a First Amended Complaint (Doc. 6) and the Undersigned's October 22, 2021 Order to Show Cause (Doc. 7). Under M.D. Fla. R. 3.10, "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Plaintiff's failure to comply with the Undersigned's Orders is a failure to diligently prosecute this action and justifies dismissal. *See* M.D. Fla. R. 3.10.

For the foregoing reasons, the Undersigned finds and respectfully recommends that Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) should be denied and this action should be dismissed.

## CONCLUSION

Based on the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that this action be dismissed without prejudice for failure to renew timely his motion to proceed *in forma pauperis* or pay the required filing fee, for failure to include a short and plain statement of the claim showing an entitlement to relief in the complaint, for failure to state a claim in the complaint, for failure to comply with the Court's repeated orders as detailed above, and for failure to prosecute.

6

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on November 18, 2021.

*[Signature]*

Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties